## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

D.P., LEGAL GUARDIAN FOR JANE DOE )
                                     )
             Plaintiff,            )       Case No.
                                       )
vs.                                      )
                                       )
MONTGOMERY COUNTY MISSOURI and )
BRIAN MCGOWAN,                   )
                                       )
            Defendants.          )

## MEMORANDUM IN SUUPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff asks this Court for leave to proceed under a pseudonym in seeking compensatory and punitive damages, as well as nominal damages, against Defendants.

### LEGAL STANDARD FOR PROCEEDING ANONYMOUSLY

As a general rule, a plaintiff must file suit in his or her own name.  Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties."

Courts have, however, recognized an exception to this general rule by permitting plaintiffs to remain anonymous when the need for anonymity is "sufficiently compelling."  *Doe H.M. v. St. Louis Cnty.*, No. 4:07-CV-2116 CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (citing *Heather K. V. City of Mallard, Iowa,* 887 F. Supp. 1249, 1256 (N.D. Iowa 1995)).  While neither the Supreme Court nor the Eight Circuit have adopted steadfast rules explaining when a plaintiff may remain anonymous, this Court has taken guidance from other circuits an district courts on the matter.  These courts apply a totality-of-the-circumstances balancing test to determine whether a party may sue under a pseudonym.  *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL

910738, at *3 (E.D. Mo. Apr. 2, 2009) (*see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008) (collecting cases)).

Courts have permitted plaintiffs to proceed anonymously "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Doe. H.M.,* 2008 WL 151629, at 81 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th. Cir. 1992)). These factors are not meant as a "rigid, three-step test for the propriety of party anonymity," *Doe v. Stegall*, 653 F.2d 180, 185 (5th. Cir. 1981), because ultimately a court must weigh all the circumstances to determine if the interest in preserving the plaintiff's privacy thought the use of a pseudonym outweighs the public interest in ascertaining the plaintiff's true identity. *St. Louis Univ.*, 2009 WL 910738, at *5.

## ARGUMENT

Plaintiff's case against Defendants alleges a challenge to governmental action and claims that would require her to disclose details of her alleged inappropriate sexual conduct, which is certainly of utmost intimacy. These two factors surpass the threshold of the totality-of-the-circumstances balancing test espoused in *Doe H.M.*, and thus Plaintiff should be permitted to proceed anonymously.

First, a plaintiff challenging the actions of a government entity may be permitted to proceed anonymously. "Where a plaintiff attacks governmental activity … the plaintiff's interest in proceeding anonymously is considered particularly strong … [as] the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [her] rights." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111

(E.D.N.Y. 2003).  Anonymity encourages plaintiffs to pursue suits against government entities without the overwhelming fear of retaliation.

Second, proceeding under a pseudonym is warranted when the plaintiff is a victim of inappropriate sexual conduct and brings a civil action against the perpetrator's superiors.  Courts recognize the importance of shielding a victim of inappropriate sexual conduct from publicly disclosing her status as a victim, *Doe v. Blue Cross & Blue Shield of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997), as "[i]t is understandable that [a] plaintiff does not wish to be publicly identified as a [victim], which is a personal matter of the utmost intimacy."  *St. Louis Univ.*, 2009 WL 910738, at *5 (*quoting W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (permitting plaintiff afflicted with AIDS to proceed anonymously.)).

Plaintiff's challenge to the practices of the Montgomery County Sheriff's Department should warrant anonymity as it is the type of government activity contemplated by the factors test espoused in *Doe H.M.*  Plaintiff's injuries resulted from Deputy Sheriff Brian J. McGowan's absolute abuse of power and unequivocal dereliction of duty, unsupervised and unchecked by the Defendant Montgomery County.  As such, there exists a substantial public interest in vindicating Plaintiff's rights on behalf of all citizens under the Defendant Montgomery County's jurisdiction. However, Plaintiff is compelled to bring suit against larger, more powerful entities that have previously utilized coercive measures to obtain its own ends.  To protect her privacy and integrity from additional governmental abuses of power, it is essential that Plaintiff be allowed to proceed anonymously.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests leave to proceed in this case under a pseudonym.

Respectfully submitted,

**Goffstein Law, LLC**


/s/ Adam M. Goffstein
**Adam M. Goffstein, #MO46511**
Goffstein Law, LLC
Attorney for Plaintiff
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 403-7660
adam@goffsteinlaw.com
*Attorney for Plaintiff*


**Orlowsky Law, LLC**


/s/ Daniel J. Orlowsky
**Daniel J. Orlowsky, #MO57387**
Orlowsky Law, LLC
Attorney for Plaintiff
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
dan@orlowskylaw.com
*Attorney for Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system this 15th  day of May 2019.


/s/ Adam M. Goffstein