# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 2:19 CV 38 DDN |
| MONTGOMERY COUNTY, MISSOURI, ) and BRIAN MCGOWAN, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jane Doe, by and through her legal guardian D.P., to proceed under a pseudonym. (Doc. 2). Defendants have not responded.

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to state the names of all the parties. There is a strong presumption against allowing parties to use a pseudonym, because of the First Amendment interest in public proceedings. *See, e.g., Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997).

However, the decision to permit a plaintiff to proceed anonymously is within a court's discretion. *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir.1993). Neither the Eighth Circuit Court of Appeals nor the Supreme Court has provided guidance on when a plaintiff may proceed under a pseudonym. Courts that have addressed the question have used a totality-of-the-circumstances balancing test. *See e.g.,* S*ealed Plaintiff v. Sealed Defendant*, 537 F. 3d 185, 189 (2nd Cir. 2008); *Doe H.M. v. St. Louis County*, No. 4:07 CV 2116 CEJ, 2008 WL 151629 at *1 (E.D. Mo. Jan. 14, 2008). This balancing test examines whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Factors weighing in favor of a pseudonym include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing "information of the utmost intimacy," (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable. *Id.*; *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir.1981); *Roe v. St. Louis University*, No. 4:08 CV 1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009).

In this case, plaintiff alleges she is a disabled person with a legal guardian and is therefore particularly vulnerable. She alleges she is the victim of sexual assault and received and replied to numerous sexual messages, allegations which involve intensely sensitive and personal matters. Furthermore, plaintiff argues she is a member of a small community and claims she would be ostracized if her identity as a victim were disclosed. Finally, in a similar case against another police officer, plaintiff was allowed to proceed under a pseudonym, and if she were not permitted to do so here, the privacy interests she has in that case may also be infringed. *See Doe v. Rainey et al.*, 4:15 CV 1484 AGF (E.D. Mo., Sept. 28, 2015). Accordingly, the Court concludes that plaintiff has a substantial privacy right that outweighs the presumption of openness in judicial proceedings. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed under a pseudonym (Doc. 2) **is sustained.**

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 11, 2019.